IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRIUS BRYANT BELL, #149 992 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-1076-MEF |
| | | (WO) |
| BOB RILEY, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a state inmate and convicted sex offender, asserts that the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20, *et seq*. (1975, as amended) [hereinafter "the Act" or "ACNA"], is unconstitutional as applied to him.[1] Plaintiff is incarcerated at the Bullock Correctional Facility in Union Springs, Alabama. He names as defendants Governor Bob Riley, Alabama Attorney General Troy King, Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Paroles, and Commissioner Richard Allen. Plaintiff seeks trial by jury and requests declaratory and

---

[1] "In response to the 1994 abduction, rape, and murder of a seven-year-old girl, Megan Kanka, by her neighbor, a convicted sex offender, Congress along with all 50 states enacted laws requiring sex offenders to register their residence with local law enforcement. *See Smith v. Doe*, 538 U.S. 84, 89-90, 123 S.Ct. 1140, 1145, 155 L.Ed.2d 164 (2003). Concerned by Megan's murder and the high number of repeat sex offenders, states enacted these laws for the purpose of notifying the public about local sex offenders and to aid law enforcement in identifying and locating potential suspects in local sex-related crimes. *See Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 4 (2003)." *Doe v. Moore*, 410 F.3d 1337, 1340 (11th Cir.), *cert. denied*, *John Doe I v. Moore*, 546 U.S. 1003 (2005). The Community Notification Act is Alabama's version of such a law.

injunctive relief and monetary damages. Upon review of the complaint, as amended,[2] the court concludes that dismissal of Plaintiff's challenge to the validity of his parole revocation prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[3]

## DISCUSSION

Plaintiff is subject to the Alabama Community Notification Act. He complains that application of the ACNA to him violates his constitutional rights. Specifically, Plaintiff argues that the ACNA violates his right to procedural and substantive due process and equal protection, amounts to an *ex post facto* violation, is cruel and unusual, has caused his unlawful confinement, and subjected him to malicious prosecution and abuse of process.

To the extent Plaintiff's complaint seeks to challenge matters associated with the validity of April 2009 parole revocation, such claims are not cognizable in a § 1983 action at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997). In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of

---

[2] By order entered December 7, 2009 the court informed Plaintiff that he had not set forth his claims adequately. He was, therefore, directed to amend his complaint to state with clarity and specificity how each of the named defendants violated his constitutional rights. (*See Doc. No. 6.*) Plaintiff filed his amended complaint on December 14, 2009 which, in accordance with the court's December 7 order, superseded the original complaint.

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* at 481. Based on the foregoing, the Court concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. *Id*. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations of probation and revocations and denial of parole. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (revocation of probation); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir.1995)

3

(revocation of parole). Plaintiff has not shown that the probation revocation decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the validity of his probation revocation. This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not cognizable in a § 1983 action at this time *See Balisok*, 520 U.S. at 648; *Heck,* 512 U.S. at 481.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the revocation of his probation be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 8, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 25th day of January 2010.

/s/ Terry F. Mooer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE